## GAMER CO. v. NEWBERG.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 25, 1913.)

DOUBLE RECOVERY—NOT PERMITTED.

Where plaintiff's account for labor and materials on a plumbing job could not properly amount to more than $92.25, including profit to him as a contractor, items of 20 per cent. added to cover matters possibly overlooked and $52 for personal services were in the nature of a double recovery, and not permissible.

Appeal from Tarrant County Court; Chas. T. Prewett, Judge.

Action by the Gamer Company against C. A. Newberg, with counterclaim by defendant. Judgment for plaintiff, and it appeals. Reversed, and judgment for a certain amount rendered for plaintiff.

F. H. Haddix, of Ft. Worth, for appellant. Crenshaw & Boykin, of Ft. Worth, for appellee.

SPEER, J. Chas. Gamer sued C. A. Newberg to recover $299.20 upon a verified account for certain plumbing materials sold and delivered by the plaintiff to the defendant. The defendant answered, pleading a counterclaim of $163 according to an itemized account for labor and material furnished to plaintiff in making certain plumbing repairs. The defendant admitted the correctness of plaintiff's account, except the sum of $15, and during the progress of the trial paid $135 in open court. A jury trial resulted in a verdict and judgment in favor of plaintiff for the sum of $11.20, and the plaintiff has appealed.

The admission of certain testimony is complained of in the first assignment of error; but appellee insists that the error has been waived since the same or similar testimony was adduced by appellant himself. But, however this may be, a disposition of this assignment becomes unnecessary, for we are compelled to sustain the remaining assignments to the effect that the judgment is not supported by the evidence. Necessarily, the verdict and judgment allow appellee's full counterclaim, while his own testimony, which is all there is to support it, shows that he is entitled to a much less sum. We have carefully read all the evidence, and are of the opinion it is insufficient to support appellee's counterclaim in excess of $92.25. His testimony makes it very clear that this sum is a reasonable compensation for all the labor and material furnished by him, and includes a profit or compensation to him as contractor, so that the items of "20 per cent. added on to cover something he may have overlooked" and $52 for his personal services were improperly allowed. They constituted in effect a double recovery. The judgment of the county court of Tarrant county for civil cases is therefore reversed, and judgment here rendered in favor of appellant for the amount sued for, less $227.25, or the aggregate of the sum paid during the trial, and the account proved.

Reversed and rendered for appellant.